Case 7:17-cv-00198   Document 1   Filed in TXSD on 05/23/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

MCALLEN DIVISION

| | |
|---|---|
| SANDRA MORALES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-00172 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

The Court now considers Allstate Vehicle and Property Insurance Company's ("Defendant") unopposed motion to sever under Federal Rule of Civil Procedure ("Rule") 21. After duly considering the record and authorities, the Court **GRANTS** the motion.

**I.    BACKGROUND**

This is an insurance case arising from a hailstorm which allegedly took place on May 31, 2016.[1] The six Plaintiffs in this case owned four separate properties which were allegedly damaged in the storm, and had four separate policies with Defendant covering those properties.[2] Ultimately, Plaintiffs were dissatisfied with their insurance payouts, and filed suit in state court on May 27, 2017.[3] Defendant removed the case on May 5, 2017, along with Defendant Allstate Texas Lloyds, whom Defendant claims has not been served.[4] Defendant filed its motion to sever the claims on May 19, 2017.[5] The Court now turns to its analysis.

---

[1] Dkt. No. 1-11 p. 3.
[2] *Id*.
[3] *Id*. p. 1.
[4] Dkt. No. 1. p. 2.
[5] Dkt. No. 5.

## II. LEGAL STANDARD

Rule 21 provides that "*misjoinder* of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."[6] The question of severance thus turns upon the question of misjoinder, which is guided by Rule 20.[7] In turn, Rule 20(a)(1) states:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact common to all plaintiffs will arise in the action.[8]

The Fifth Circuit interprets this Rule literally, describing Rule 20's requirements as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise of out the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims.[9] Courts have discretion to sever even when both prongs are met.[10] Put differently, these prongs are necessary, but not necessarily sufficient, conditions of severance.

The Fifth Circuit has not specifically defined what constitutes the "same transaction" or "occurrence."[11] However, district courts in Texas have adopted the Eighth Circuit's "logically related" test.[12] This is a case-by-case approach which allows "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."[13]

## III. ANALYSIS

Severance is proper here. There is no logical connection between the claims made by the different Plaintiffs. Plaintiffs have four separate policies covering four different properties. The only apparent connection between each Plaintiff is that their properties suffered damage in May of 2016, and they each live in Hidalgo County.[14] Plaintiffs' allegations provide no other distinctions between Plaintiffs, and fail to individuate the claims and factual bases for the claims

---

[6] Fed. R. Civ. P. 21. (emphasis added)
[7] A*cevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).
[8] Fed. R. Civ. P. 20(a)(1) (emphasis added).
[9] *Acevedo*, 600 F.3d at 521 (citing other sources).
[10] *Id.* at 521.
[11] See *Jackson v. Texas Parks & Wildlife Dep't*, 2015 WL 12862879, at *2 (W.D. Tex. Oct. 2, 2015), report and recommendation adopted, 2015 WL 12909434 (W.D. Tex. Oct. 21, 2015).
[12] *Id.* (collecting cases).
[13] *Id.* (citing *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir. 1974)).
[14] Dkt. No. 1-11 p. 3.

with regard to each Plaintiff. Under these circumstances, severance would avoid both confusion of the issues, and congestion of the litigation process.

This suit is hereby **SEVERED** into four different lawsuits as follows:

1. Plaintiff Sandra Morales asserting claim(s) related to property located at the address of 802 Chickadee, Pharr, Texas 78577 with Policy # 829122104; Claim # 0437052152PLT.

2. Plaintiffs Raquel and Maria Salinas jointly asserting claim(s) related to property located at 205 Rancho El Coyote, La Joya, Texas 78560 with Policy # 829940584; Claim # 434110425.   `7:17cv198`

3. Plaintiff Hermelinda Rios asserting claim(s) related to property located at 2816 Toronto Ave., McAllen, Texas 78503 with Policy # 944237883; Claim # 0439953307.   `7:17cv199`

4. Plaintiffs Jose M. and Debra Villarreal asserting claim(s) related to property located at 210 Comino St., Edinburg, Texas 78541 with Policy# 929305392; Claim # 0438002131.   `7:17cv200`

## IV.  HOLDING

The Clerk of Court is ordered to docket each case separately, with Plaintiff Sandra Morales retaining this case number and the remaining three cases each receiving a new number. Additionally, the Plaintiffs in the new cases are **ORDERED** to pay the filing fees for each suit on or before **June 23, 2017**. In this manner, Defendant's motion for severance is **GRANTED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 23rd day of May, 2017.

_____
Micaela Alvarez
United States District Judge