IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAQUEL SALINAS, ET. AL. | § § § | |
| VS. | § § § | CIVIL ACTION NO. 7:17-cv-00198 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ALLSTATE TEXAS LLOYDS | § § § § | JURY DEMANDED |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Raquel Salinas and Maria Salinas ("Plaintiffs"), and files this *Plaintiff's First Amended Complaint,* complaining of Allstate Vehicle and Property Insurance Company (herein after "Allstate" or "Defendant") and for cause of action would respectfully show this Honorable Court the following:

### PARTIES

1. Raquel Salinas and Maria Salinas are individuals residing in Hidalgo County, Texas.

2. Defendant Allstate Vehicle and Property Insurance Company is a domestic insurance company engaging in the business of insurance in Texas. This defendant is properly before this Court.

3. Defendant Allstate Texas Lloyds is a domestic insurance company engaging in the business of insurance in Texas. This defendant is properly before this Court.

### JURISDICTION

4. This case was originally filed in the District Court of Hidalgo County, Texas, and all claims asserted arose under state law. Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff's insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## FACTS

6. Plaintiffs are the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

7. Plaintiffs own the insured property, which is specifically located 205 Rancho El Coyote Street, La Joya, Texas 78560, in Hidalgo County (hereinafter referred to as "the Property").

8. Allstate sold the Policy insuring the Property to Plaintiffs. Plaintiffs purchased the Policy to insure the Property against hail storm and windstorm losses. In doing so, Plaintiffs reasonably relied on Allstate's representations that damages caused by a hail storm and/or windstorm would be covered under the Policy and that if Plaintiffs submitted a claim against the Policy for hail storm and/or windstorm damages to the Property, Allstate would conduct a fair, reasonable, and unbiased investigation and property issue payment to Plaintiffs for covered hail storm and/or windstorm damages to the Property, subject to the applicable deductible and the loss settlement provision in the Policy.

9. On or about May 31, 2016, a hail storm and/or windstorm struck Hidalgo County, Texas causing damages to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Plaintiffs' home also sustained exterior damage during the Storm including,

but not limited to, the exterior fascia, wood fence, and storage shed. After the Storm and in compliance with the Policy, Plaintiffs filed a claim with Allstate for the damages to their home caused by the Storm.

10. Plaintiffs submitted a claim to Allstate against the Policy for roof damage and exterior damage caused by the Storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy.

11. After submitting the claim, Defendant assigned an adjuster to evaluate damages to the Property. The adjuster assigned by Defendant failed to reasonably perform an investigation into the damages sustained by the Plaintiffs. Specifically, the adjuster spent less than one hour in assessing damages and then determined the damages to be $342.96, under the Plaintiffs' deductible and no payment was issued. The inspection was done in an outcome oriented way and in an expeditious fashion.

12. As a result of Defendant's unreasonable investigation, Plaintiffs' claim was improperly adjusted and no payment was issued. The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to repair their Property.

13. As a result of Defendant's conduct, Plaintiffs did not receive payment they were entitled to under the Policy for their Storm damages and losses. As previously stated, when Plaintiffs originally purchased the Policy issued by Allstate, Plaintiffs reasonably relied on Allstate's representation that it would conduct a fair and unbiased investigation of Plaintiffs' claims against the Policy and promptly issue payment to Plaintiffs' for all properly covered hail storm and windstorm damages to the Property. At no time did Allstate disclose to the Plaintiffs that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiffs submitted against the Policy for

hail storm and/or windstorm damages to the Property and thereby underpay and/or deny Plaintiffs' claim for properly-covered hail storm and/or windstorm damages to the Property. As such, Plaintiffs reasonably relied on Allstate's misrepresentations upon purchasing their initial Allstate insurance policy, and but for Allstate's misrepresentations described above and otherwise herein, Plaintiffs would not have purchased the Policy issued by Allstate and would have purchased an insurance policy from a different insurer to insure the Property against hail storm and/or windstorm losses.

14. As indicated in the paragraphs above and below, Allstate wrongfully adjusted Plaintiffs' claim for damages suffered during the Storm, even though the Policy provided for those losses.

15. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant wrongfully denied Plaintiffs' claim for covered damages even though all condition precedents to recovery upon the Policy had been carried out by the Plaintiff. Allstate's conduct constitutes breach of the insurance contract between Allstate and Plaintiffs.

16. Defendant misrepresented to the Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1).

17. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of the liability to the Plaintiffs under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

18. Defendant failed to explain to the Plaintiffs reasons for denying a covered loss under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3).

19. Defendant refused to fully compensate the Plaintiffs under the terms of the Policy for a covered loss. Specifically, Defendant performed an outcome oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

20. When Plaintiffs first purchased the Policy from Defendant, Defendant misrepresented to Plaintiffs that under the Policy, Plaintiffs would be entitled to payment from Allstate for damages caused by a covered loss, including hail storm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs timely submitted against the Policy. If Plaintiffs had known that Allstate was not going to pay for hail storm and/or windstorm damages that were covered under the Policy, Plaintiffs would not have purchase the Policy from Allstate, and instead would have purchased a different insurance policy insuring her Property from a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiffs purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make Allstate's other representations not misleading, upon which Plaintiffs reasonably relied to their detriment. Allstate's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5) as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

21. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed any payment for Plaintiffs' claim. Allstate's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

22. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Allstate to pay the claim in accordance with the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiffs.

24. As a result of Defendant's conduct, Plaintiffs' were forced to retain the professional services of an attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

25. Plaintiffs are not making any claims for relief under federal law.

26. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

27. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

28. Defendant's failure and/or refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

29. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §§ 541.060(a), 541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

30. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

31. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

32. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation of the facts or applicable law, for its denial of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

33. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

34. Defendant Allstate's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described above and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, and which did mislead Plaintiffs to false conclusion of material fact regarding coverage under the Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.061.

35. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of this claim. Tex. Ins. Code § 542.058.

## DTPA VIOLATIONS

36. Defendant Allstate's conduct constitutes multiple violations of the DTPA. Tex. Bus. & Comm. Code §§17.41-.63. Plaintiffs are "an individual, a partnership, or a corporation" that sought or acquired goods or services by purchase or lease from Defendant, and therefore qualifies as a consumer under the DTPA. Tex. Bus. & Comm. Code §17.54(4). Plaintiffs have met all the conditions precedent to bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

    A.    Defendant's actions, as described in this petition, are unconscionable in that Defendant's actions took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA.

    B.    Defendant's conduct, acts, omissions, and failures, and described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

37. All of the above-described acts, omissions, and failures of the Defendant are a producing cause of Plaintiffs' damages as described in this petition. All of the above-described acts, omissions, and failures of the Defendant were committed "knowingly" and "intentionally" as those terms are defined by the Texas Deceptive Trade Practices Act.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

38. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

39. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

40. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

41. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiffs.

42. As previously mentioned, the damages caused by the May 31, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damage to the Property, and causing undue hardship and burden to the Plaintiffs. These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws as set forth above.

43. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

44. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. Tex. Ins. Code § 541.152.

45. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such damages claimed, together with attorney's fees. Tex. Ins. Code § 542.060.

46. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

47. For the prosecution of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMANDED

48. Plaintiffs previously requested that all causes of action herein be tried before a jury consisting of citizens residing in Hidalgo, County, Texas. Plaintiff tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

LAW OFFICE OF S. MANGI, P.C.

By: /s/Surya Mangi
Surya Mangi, attorney-in-charge
State Bar No. 24078912
Federal Bar No: 1358624
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
Fax: (956) 630-0383

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this 10th day of July, 2017, in accordance with the Federal Rules of Civil Procedure.

/s/Surya Mangi
SURYA MANGI

## CERTIFICATE OF CONFERENCE

I, hereby certify that in good faith I conferred with Rosemary Conrad-Sandoval, Attorneys for Defendant, prior to filing the Motion for Leave. Defense counsel is un-opposed to the motion.

/s/Surya Mangi
SURYA MANGI